UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| CALVIN THOMPSON, Plaintiff, v. UNION COUNTY DIVISION OF SOCIAL SERVICES, et al., Defendants. | Civ. Action No. 07-4928 (KSH) OPINION |

**Katharine S. Hayden, U.S.D.J.**

## I. INTRODUCTION

*Pro se* plaintiff Calvin Thompson ("Thompson") seeks $5 million in damages from defendants Charles J. Gillon, Susan Eagle, Michele Akbar, S. Hodges-Johnson, and the Union County Division of Social Services (collectively "defendants"). He alleges that defendants violated his constitutional rights by denying his application for public assistance. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Thompson fails to allege facts that constitute a cause of action under 42 U.S.C. § 1983, the Court grants the defendants' motion to dismiss for failure to state a claim.

## II. MOTION TO DISMISS STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all allegations in the complaint and view all reasonable inferences in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if plaintiff's allegations, taken as true, fail to state a claim. In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). "While a

1

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (alteration in original) (internal citations omitted). Plaintiff's factual allegations are evaluated for sufficiency under a plausibility standard, which "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" that the plaintiff is entitled to relief. Id. at 1965-1968.

In Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008), the Third Circuit held that Twombly applies to all cases, not just antitrust actions, and articulated the Twombly standard as follows:

> stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

Id. at 234 (internal quotations and citations omitted). "When reviewing a *pro se* complaint, a court must assume plaintiff's factual allegations to be true and construe his claim liberally." Maldonado v. Terhune, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (citing Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989); Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990)). But even against the permissive backdrop provided for *pro se* litigants, Twombly and Phillips call for such litigants to connect specific instances, particular conduct, and other facts to the causes of action advanced in the complaint.

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thompson alleges that defendants violated "certain protection guaranteed to him by the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment." (Compl. 3.) The Fourth Amendment guarantees

2

the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." See Mapp v. Ohio, 367 U.S. 643, 647 (1961). The Fifth Amendment ensures due process, and the Sixth Amendment preserves certain rights in criminal prosecutions. The Ninth Amendment functions as a guarantee that the "enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." And finally, the Fourteenth Amendment secures equal protection under the law. Thompson's complaint proves deficient, and thus must be dismissed, because he fails to connect the conduct of the defendants to these constitutional provisions.

Courts have granted Rule 12(b)(6) motions to dismiss where the complaint fails to allege facts that connect the defendant's conduct to a deprivation of plaintiff's constitutional rights. In Ramirez v. United States, 998 F. Supp. 425, 432 (D.N.J. 1998), the court dismissed the complaint because the plaintiff "fail[ed] to specify how Doris Meissner, as Commissioner of the INS, and Warren Lewis, as INS District Director, directly acted to deprive plaintiff of his constitutional rights." And the court in D'Aurizio v. Palisades Park, 963 F. Supp. 387, 392 (D.N.J. 1997), dismissed the claims because the plaintiff's allegations were vague and unsubstantiated. Thompson's complaint similarly fails to specify particular instances where the defendants acted to deprive him of his constitutional rights.

Thompson asserts that "[his] Constitutional Rights have been 'Egregiously Violated' and [he has] been unlawfully discriminated against on numerous occasions because of [his] race, color and/or for one [1] or more of the other 'prohibited' invidious reasons." (Compl. 10.) He claims that the defendants engaged in discriminatory conduct on several dates, including dates in August 2006, September 2006, February 2007, July 2007, September 2007, October 2007, and November 2007. (Compl. 10; Pl.'s Opp'n Br. 4.) Thompson explains that on August 3, 2006, he went to the Union County Division of Social Services to apply for public assistance. (Compl. 10.) He alleges

that he "had just been released from the hospital and had a serious medical condition and the social worker assured [him] that the Union County DSS would help." (Compl. 11.) He contends that "[t]he case worker was confrontational and required [him] to fulfill request that were not authorized by procedure or law." (Compl. 11.) He then claims that after an initial denial based on a "sanction," the "sanction" was removed once he demanded to see an administrator. (Compl. 11.) Thompson then summarily concludes that this conduct was "discriminatory and a violation of the United States Constitution Fifth Amendment Right to Due Process and the Fourteenth Amendment Equal Protection under the law, as well as the Ninth Amendment." (Compl. 11.) Thompson's general statement that the defendants' conduct on August 3, 2006 was discriminatory without describing any conduct supporting such a conclusion does not state a cause of action under § 1983.

Thompson also points to events on August 15, 16, and 18 as instances where defendants engaged in conduct violative of his constitutional rights:

> On August 15, 2006: Case worker C. Casey attempted provide me with false and misleading information regarding eligibility and then subsequently filed a false report and maliciously placed it in my file, her conduct was deceitful and rude.
>
> On August 16, 2006, Case worker Akbar after being tainted by the fruit of the poisonous tree repeated the same conduct as Casey did the day before and as well maliciously filed a false report and placed it in my file, her conduct was deceitful and rude.
>
> On August 18, 2006, I told my case worker that I found a room that is clean and decent and cost $1,000 less per month than the Salvation Army…I kindly asked Ms. Akbar to provide me with the proper paper work to give to the landlord while the space is still available and she outright refused for no valid reason.

(Compl. 11-12.) Thompson then summarily concludes that this conduct was "discriminatory and a violation of the United States Constitution Fifth Amendment Right to Due Process and the Fourteenth Amendment Equal Protection under the law, as well as the Ninth Amendment." (Compl. 12.) These accounts coupled with overt statements demonstrating a discriminatory *motive* for the case workers' "deceitful and rude" behavior towards Thompson, or some other allegation

4

actually connecting the conduct to constitutional violations, might insulate the complaint from dismissal, but it lacks such allegations as currently composed. Without more than accounts of "rude" conduct and conclusions that seemingly ordinary events are discriminatory and violative of the Constitution, Thompson cannot make out the claims he advances.

Thompson also claims that "The Union County Division of Social Services and this person are liable because they tolerated and/or ratified a pattern of DISCRIMINATION and violations of the CIVIL rights of persons who were a protected class and lawfully entitled to due process and PUBLIC ASSISTANCE benefits." He cites the disposition of the case workers, in particular Akbar, as evidence of this pattern of discrimination:

> When I came back the following day to see Ms. Akbar (case worker) she also came into the cubicle with the same nasty attitude, huffing, and puffing cutting me off every time I tried to say something. I was simply asking questions about my benefits and responsibilities and she was totally unwilling to help me and was rude beyond belief.

(Compl. 14.) He also cites instances where he claims, again without highlighting some evidence of discriminatory motivation, that defendants withheld or forged documents and denied his benefits without cause. (Compl. 15-18.) But again, he fails to identify conduct that demonstrates discriminatory animus — he concludes that rude conduct is discriminatory. Thompson's opposition to the motion to dismiss also discusses an "illegal lockout" (Pl.'s Opp'n Br. 3.) but he fails to identify who allegedly removed him from his residence and how that occurrence is connected to the defendants named here.

The Court has carefully reviewed the complaint, and is constrained to conclude that it does not reflect allegations that demonstrate racial animus or other indicia of constitutionally infirm motivation. As such, Thompson's complaint fails and the defendants' motion to dismiss must be granted.

**IV. CONCLUSION**

Based on the foregoing, defendants' motion to dismiss is **granted**, and the complaint dismissed without prejudice.  The Third Circuit requires that a Court grant a *pro se* litigant the opportunity to amend his complaint upon granting a Rule 12(b)(6) motion to dismiss.  "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.  Moreover, the district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend."  Young v. New Sewickley Twp., 160 Fed. Appx. 263, 267 (3d Cir. 2005) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  And thus, Thompson will be permitted an opportunity to amend his complaint within 30 days of the filing of this opinion.  An appropriate order will be entered.

Dated:  July 31, 2008                                      /s/Katharine S. Hayden

                                                       Katharine S. Hayden, U.S.D.J.