NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALVIN THOMPSON,<br><br>           Plaintiff,<br><br>  v.<br><br>UNION COUNTY DIVISION OF SOCIAL SERVICES, et al.,<br><br>           Defendants. | Civ. Action No. 07-4928 (KSH)<br><br>**OPINION & ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |

**Katharine S. Hayden, U.S.D.J.**

      This case comes before the Court by way of motion by defendants (collectively, the Union County Division of Social Services) to dismiss plaintiff Calvin Thompson's amended complaint pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6). This Court concludes that Thompson's amended complaint fails to allege a constitutional violation and, therefore, defendants' motion to dismiss must be granted.

      Plaintiff first came before this Court when he filed a civil rights complaint on October 11, 2007. [D.E. 1.] He asserted a cause of action pursuant to 42 U.S.C. § 1983, alleging that his "Constitutional Rights ha[d] been 'Egregiously violated' and [he had] been unlawfully discriminated against on numerous occasions because of [his] race, color and/or for one [1] or more of the other 'prohibited' invidious reasons[.]" (Or. Compl. 10.) After the filing of the original complaint, defendants filed a motion to dismiss on December 5, 2007. [D.E. 5.] The Court granted the motion, issuing an opinion and order. [D.E. 27 & 28.]

> The Court has carefully reviewed the complaint, and is constrained to conclude that it does not reflect allegations that demonstrate racial animus or other indicia of constitutionally infirm motivation. As such, Thompson's complaint fails and the defendants' motion to dismiss must be granted.

(Op. 5.) The opinion stated that plaintiff "summarily concluded" that the alleged incidents were discriminatory without describing any conduct to support such a conclusion. (*Id.* 4.) Given plaintiff's *pro se* status, the Court granted him the opportunity to amend his complaint. (*Id.* 6.)

Plaintiff filed an amended complaint on September 3, 2008. [D.E. 36.] Defendants moved to dismiss on December 24, 2009 [D.E. 62], and the Court decides that motion in this opinion. For purposes of deciding the pending motion, the Court has considered plaintiff's application for default judgment, filed January 15, 2010, as his opposition. [D.E. 64.]

In the amended complaint, plaintiff added new material to "Count 1" by describing events that took place on November 5, 2007. He claims that unnamed persons conspired to lock him out of his room at the YMCA in Newark; and "they" unlawfully seized and stole his personal effects. (Am. Compl. 10.) He further alleges: "DEFENDANTS CONSPIRED WITH THE YMCA CULPRITS" on three dates in October—the 17th, 18th, and 19th—the specifics of which he never describes. (*Id.* 11.) But nowhere in the amended complaint does plaintiff specify what happened on those dates. The allegations continue: "They **RETALIATED** against me for filing a complaint and filing a Federal Lawsuit on October 12, 2207 [sic]." (*Id.* 12.)

Arguably, there is more factual material in the amended complaint than in the original complaint so as to meet the *Iqbal* pleading standard. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (distinguishing between factual contentions and legal conclusions, and cautioning against accepting as sufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). The additional material demonstrates that plaintiff's allegations, when read carefully, establish that he applied for and was denied benefits; he attended a fairness

hearing; it appears he was unsuccessful at that hearing; and he was thereafter evicted from his room at the YMCA. These allegations do not state a cognizable claim of a constitutional violation.

Section 1983 imposes liability on state actors for violations of rights protected by the Constitution, not for disagreements with state agency decisions. To succeed on a § 1983 claim, the plaintiff must allege the deprivation of a constitutional right. The gravamen of plaintiff's amended complaint is an allegedly unlawful eviction on November 5th. The events alleged, when carefully read, describe the consequences of a formal eviction proceeding by the Newark YMCA, which plaintiff describes as "a part of a Tenant-based project that is regulated by the New Jersey Department of Community Affairs," and the Union County Department of Social Services. (Am. Compl. 11.)

"A federal court's review of state administrative proceedings is limited to whether the state has provided adequate avenues of redress to review and correct arbitrary action." *FSK Drug Corp. v. Perales*, 960 F.2d 6, 11 (2d Cir. 1992). The circuit courts have consistently ruled that "district courts are without jurisdiction to review on appeal findings of state agencies." *Fairfax County Redevelopment & Hous. Auth. v. W.M. Schlosser Co.*, 64 F.3d 155, 157 (4th Cir. 1995); *see also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954) ("The [district court] does not sit to review on appeal action taken administratively or judicially in a state proceeding.").

As in the original complaint, plaintiff is seeking to elevate an adverse agency decision to terminate his "benefits" into a constitutional deprivation. His claims of unlawful seizure and stealing are inextricably tied to the eviction. The eviction as alleged does not constitute a constitutional deprivation for which he can assert a § 1983 cause of action. As such, action on

3

the eviction, which is what the allegations on pages 10 and 11 of the amended complaint describe, cannot be deemed a Fourteenth Amendment violation.

The Court concludes that plaintiff fails to state a cause of action for a constitutional deprivation by any of the defendants.  Defendants' motion to dismiss is granted.  This Court declines to exercise supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367(c).

Good cause appearing,

**IT IS** on this 5th day of February, 2010 hereby

**ORDERED** that defendants' motion to dismiss [D.E. 62] is **granted**.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.